IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GORDON S. WALKER, SR.,                    )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )        C.A. No. 11-866-GMS-CJB
                                          )
UNITED STATES OF AMERICA,                 )
                                          )
            Defendant.                    )
                                          )

## MEMORANDUM

## I.   INTRODUCTION

On September 26, 2011, the plaintiff filed a negligence suit against the defendant United States of America (the "Government") pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*. (D.I. 1.)  On June 27, 2013, the Government filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1). (D.I. 43.)  The Government argues that the court lacks subject matter jurisdiction because the plaintiff filed the suit prematurely and failed to exhaust his administrative remedies by not allowing the government agency six months to consider his claim as required by the FTCA. (D.I. 44.)  Pending before the court are Magistrate Judge Burke's Report and Recommendation, (the "R and R"), dated October 31, 2013 (D.I. 48), the plaintiff's Objections to Report and Recommendation (D.I. 49), and the Government's Response to the plaintiff's Objections (D.I. 50).  For the reasons discussed, the court will overrule the plaintiff's objections, and adopt the R and R, which recommends that the court: (1) grant the Government's motion to dismiss for lack of subject matter jurisdiction; and (2) dismiss the plaintiff's Complaint with prejudice.

## II.    BACKGROUND[1]

On September 28, 2009, a car driven by Donna Phelps ("Phelps") rear-ended a car driven by the plaintiff. (D.I. 48 at 1.) At the time of the incident, Phelps was an employee of the United States Postal Service ("USPS"). (*Id.*) On February 3, 2010, Phelps's insurance carrier denied coverage for the plaintiff's claim, noting that at the time of the loss, Phelps was working for the USPS. (*Id.* at 1-2.)

On February 26, 2010, the plaintiff's counsel sent a letter to the USPS that included a copy of the police report regarding the accident and the letter from Phelps's insurance carrier denying coverage, but the letter did not include a demand for money damages. (*Id.* at 2.) The USPS replied in a letter dated March 5, 2010, and advised the plaintiff to present a claim on a Standard Form 95 ("SF95") within two years of the incident. The USPS letter enclosed a copy of the SF95, as well as instructions that the form must be filled out completely and submitted with supporting documentation before it would constitute a valid claim. (*Id.*)

On April 6, 2011, the plaintiff's counsel directed a letter to the USPS that alleged facts regarding the incident, provided details regarding the plaintiff's medical condition, and demanded $125,000 for injuries sustained in the accident. The letter, along with an incomplete SF95 form regarding the accident, was marked as received by the USPS on April 26, 2011. (*Id.*) That same day, the USPS sent the plaintiff a letter indicating that his last correspondence could not be accepted as a valid claim; specified the particular boxes that had been left blank on the incomplete SF95; and enclosed a new SF95 along with instructions that the form should be completed and resubmitted before the USPS could take any action to dispose of the claim. (*Id.* at

[1] The court adopts Magistrate Judge Burke's factual and procedural background in its entirety. (D.I. 48 at 1-4.) For convenience and clarity, however, the court highlights pertinent dates in its memorandum.

3.)

On May 16, 2011, the USPS received the plaintiff's fully completed SF95. (*Id.*) On May 19, 2011, the USPS mailed the plaintiff a letter that acknowledged April 26, 2011 as the date of the plaintiff's claim, and informed the plaintiff that "by Statute, the Postal Service has six months from April 26, 2011 in which to adjudicate your claim." (*Id.* quoting D.I. 44, Ex. 7.)

On September 26, 2011, the plaintiff filed his Complaint in the instant case against both Phelps and the Government. (D.I. 1.) Less than a month later, on October 20, 2011, the USPS denied the plaintiff's administrative claim on the grounds that Phelps was not acting within the scope of her employment at the time of the incident. (D.I. 48 at 4.) In that letter, the USPS indicated that any lawsuit filed in regards to the denial must be filed within six months of October 20, 2011. (*Id.*) On January 13, 2012, the Government filed an Answer in the instant action that acknowledged Phelps was operating a vehicle within the scope of her employment, and also prepared a stipulation (later granted) to remove Phelps as a defendant. (D.I. 7, 9, 10.) On June 27, 2013, the Government filed the instant motion to dismiss.[2] (D.I. 43.)

## III.    STANDARD OF REVIEW

The court conducts a *de novo* review when determining whether to adopt a magistrate judge's decision on a dispositive matter. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3). Upon review, the court may accept, reject, or modify the magistrate judge's recommendations.

---

[2] The Government argues that the court does not have subject matter jurisdiction because the plaintiff failed to exhaust his administrative remedies and filed his September 26, 2011 Complaint prematurely. The Government's argument rests on the presumption that the plaintiff presented a valid claim on April 26, 2011 -- thereby giving the USPS until October 26, 2011 (six months from the date of filing) to dispose of the claim before the plaintiff could bring suit under the FTCA. (D.I. 44 at 2; D.I. 47 at 1.) Additionally, the Government contends that the plaintiff's Complaint must be dismissed with prejudice because he did not cure the jurisdictional defect by refiling his complaint by April 20, 2012 -- six months after the USPS's October 20, 2011 denial of his administrative claim. (D.I. 47 at 3.)

Fed. R. Civ. P. 72(b)(3). The court may also choose to receive further evidence or to return the matter to the magistrate judge with instructions. *Id.*

## IV.   DISCUSSION

The plaintiff presents six objections to Magistrate Judge Burke's R and R. The court will address the objections in turn.

The plaintiff challenges the magistrate judge's legal conclusion that "April 26, 2011 is the earliest date that the plaintiff's claim could have been deemed to be 'presented.'" (D.I. 48 at 12.) The plaintiff does not challenge the magistrate judge's fact-finding that the February 26, 2010 written communication with the USPS did not reflect a claim for "sum certain" damages. Rather, he argues that the magistrate judge erred by not presenting a legal explanation as to why the April 25, 2011 and May 13, 2011 amendments do not "relate back" to the February 26, 2010 submission. (D.I. 49 at 3.) The plaintiff contends that the April and May 2011 amendments cured his improperly presented February 2010 claim because the amendments occurred within the time limitations of 28 C.F.R § 14.2(c) -- "any time prior to final agency action or prior to the exercise of the claimant's [deemed denial] option under 28 U.S.C. 2675(a)." (*Id.* at 4 (quoting 28 C.F.R § 14.2(c) (alteration in original)).) The court disagrees.[3]

The plaintiff tactically omits pertinent language from section 14.2(c), which states: "[a] *claim presented in compliance with paragraph (a) of this section* may be amended by the claimant at any time prior to final agency action or prior to the exercise of the claimant's option under 28 U.S.C. § 2675(a)." 28 C.F.R § 14.2(c). The magistrate judge correctly determined that "in order to be a valid claim, [under section 14.2(a),] a claim must include at the minimum:

---

[3] The court notes that the plaintiff's own submissions undermine his argument that February 26, 2010 should be the date of his claim. His May 13, 2011 alleged "amendment" included a fully completed SF95 signed by the plaintiff that listed his "Date of Claim" as April 25, 2011. (*See* D.I. 44, Ex. 6.)

(1) an executed SF95 or other written notification of the incident; (2) a claim for a sum certain of money damages for injury alleged to have resulted from the incident; and (3) if the claim is filed on behalf of the claimant, evidence of authority to represent a claim on behalf of the claimant."[4] (D.I. 48 at 9 (citing *Obeng v. Del. State Police,* No. 04-1248-GMS, 2005 WL 1592951, at *2 (D. Del. Jul. 7, 2005))).) As noted above, the plaintiff does not dispute that the February 26, 2010 written communication lacked a claim for a sum certain of money damages. (D.I. 49 at 3.) As such, the February 26, 2010 written communication was not "presented in compliance with [section 14.2(a)] . . . ." 28 C.F.R § 14.2(c). Therefore, the court concludes that the plain language of section 14.2(c) precludes the April and May 2011 submissions from being "amendments" to the plaintiff's noncompliant February 26, 2010 written communication.

Similarly, the court finds that three of the plaintiff's remaining objections regarding the Government's waiver of a jurisdiction defense, whether the USPS's October 20, 2011 letter was a valid denial under section 2401(b), and the applicability of FTCA's savings clause[5] lack sufficient merit to warrant an extensive discussion. (D.I. 49 at 7-9.) The magistrate judge correctly determined that the FTCA's "requirement of a final denial and exhaustion of

---

[4] Section 14.2(a) states that "a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or *other written notification* of an incident, *accompanied by a claim for money damages in a sum certain* for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative." 28 C.P.R.§ 14.2(a) (emphasis added).

[5] Under 28 U.S.C. § 2679(d)(5), if a federal employee is improperly sued, and the United States is substituted as the proper party defendant under the FTCA, *and then* the plaintiff files an administrative claim with a Federal agency, that claim can be deemed timely presented under some circumstances. Specifically, if the claim would have been timely on the date the Complaint against the individual employee was filed in court, and "if the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action," the claim will be deemed timely filed under the FTCA.

administrative remedies is an unambiguous jurisdictional requirement that cannot be waived."[6] (D.I. 48 at 8.)   Likewise, the magistrate judge properly rejected the plaintiff's argument regarding the USPS's October 20, 2011 letter. (*Id.* at 21 n.12.)   That letter unequivocally states that "the [plaintiff's] claim is denied" and "[i]n accordance with 28 U.S.C. § 2401(b) . . ., if dissatisfied with the [USPS's] final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months . . . from the date of the mailing of this letter, which is the [October 20, 2011] date shown above." (D.I. 44, Ex. 8.)   Finally, the FTCA's savings clause, which only applies where the United States is *substituted* as the party defendant, has no relevance to the instant matter because the United States was an original defendant in the case and remains a defendant. *See* 28 U.S.C. § 2679(d)(5); (D.I. 1; D.I. 48 at 22 n.14).

In addition, the plaintiff objects to the magistrate judge's determination that there is no basis in the record to support the invocation of equitable tolling.   Specifically, the plaintiff argues, without citing to any authority, that the USPS has "a duty to investigate [that] arises upon receipt of any report of [an] accident involving a USPS employee," and that it failed to investigate his claim in February 2010.   (D.I. 49 at 5.)   Additionally, the plaintiff reasserts his argument that the USPS's May 19, 2011 letter -- "indicating an impending denial of [the] [p]laintiff's administrative claim for lack of liability" -- was affirmative and intentional conduct that led him to prematurely file the FTCA lawsuit. (*Id* at 6.)   In essence, the plaintiff contends that had liability been established, he would not have filed the lawsuit in federal court against

---

[6] The Supreme Court has found that premature FTCA suits impose a burden on the judicial system and that "[t]he most natural reading of the [FTCA] indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." *McNeil United States,* 508 U.S. 106, 112 (1993).   Similarly, the Third Circuit has held that the FTCA's final denial requirement, which precludes suit against the United States unless the claim is first be presented to the relevant federal agency and subsequently denied, "is jurisdictional and cannot be waived." *Lightfoot United States,* 564 F.3d 625, 626-27 (3d Cir. 2009) (citation omitted).

Phelps and the Government on September 26, 2011, two days before the expiration of Delaware's two-year statute of limitations applicable to tort claims. (*Id.*) Alternatively, the plaintiff asserts that the Government's conduct after January 13, 2012 is relevant in determining whether equitable tolling of section 2401(b)'s six month statute of limitations is appropriate. (*Id.*) The plaintiff contends that if the Government had raised the jurisdictional challenge earlier, he would have re-filed the complaint before April 20, 2012 (the six-month deadline to appeal the USPS's October 20, 2011 final denial letter). (D.I 46 at 7-8.)

The court finds that the magistrate judge correctly determined that the extraordinary remedy of equitable tolling is inappropriate because the "record . . . does not indicate that the Government . . . made affirmative misrepresentations with the deliberate intent to induce or trick [the] [p]laintiff into failing to protect his federal rights." (D.I. 48 at 17.) The record clearly reflects that the USPS informed the plaintiff on March 5, 2010, that he had to submit a completed SF95 form with supporting documentation before his paperwork would constitute a valid claim. (*See* D.I. 46, Ex. 5.) Further, the plaintiff mischaracterizes the May 19, 2011 letter, which simply stated that the USPS was "currently in the process of reviewing th[e] claim in order to make the determination as to any legal liability on the part of the [USPS]." (*Id.*, Ex. 9.) Finally, the Government's failure to raise the jurisdiction issue earlier in the litigation is not an active misrepresentation because the record does not suggest that the Government intentionally delayed in raising the issue in order to prejudice the plaintiff. (D.I. 48 at 22.)

In the plaintiff's final objection, he argues that prejudicial dismissal is inappropriate under the circumstances. The plaintiff's argument, however, is based on objections that the court considered and rejected above. In addition, the plaintiff contends that the recommendation to

grant the motion to dismiss with prejudice was made "without reference to any legal support or factual reasoning." (D.I. 49 at 9-10.) The court disagrees. Magistrate Judge Burke's ultimate conclusion is supported by the record and Third Circuit precedent:

> In the end, this is a case where the [p]laintiff filed suit a few weeks prematurely, depriving the [c]ourt of subject matter jurisdiction over the claim. It is true that, had the [p]laintiff waited just a short period more, and then filed suit (or later timely re-filed suit), a different result may have come about. But nothing in the record suggests that this failure to exhaust administrative remedies came, as the [p]laintiff alleges, in response to active, deliberate misconduct by the Gove rnment. As in *Hedges,* here there is no evidence that the Government "induce[d] or trick[ed] [the plaintiff] into foregoing his judicial remedies by making any affirmative misrepresentations regarding the proper avenues to pursue his claim." [*Hedges v. United States,* 404 F.3d 744, 752 (3d Cir. 2005)] Under these circumstances, the burden of the failure to follow the FTCA's administrative procedures must fall on the [p]laintiff.
>
> While dismissal may appear to be a harsh result, the Third Circuit has made it clear that procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of sympathy for particular litigants. *Id.* at 753. To that end, the Supreme Court has explained that "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *McNeil,* 508 U.S. at 113 (internal quotation marks and citation omitted).

(D.I. 48 at 22-23.)

## V.    CONCLUSION

After reviewing the record in this case, the October 31, 2013 R and R, the parties' submissions, and the applicable law, the court finds that the magistrate judge committed no factual or legal error in reaching his conclusions.

Dated: June **25**, 2014

_____
CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GORDON S. WALKER, SR.,                    )
                                          )
          Plaintiff,                      )
                                          )
    v.                                    )        C.A. No. 11-866-GMS-CJB
                                          )
UNITED STATES OF AMERICA,                 )
                                          )
          Defendant.                      )

## **ORDER**

At Wilmington, this **25**th day of June, 2014,

IT IS HEREBY ORDERED THAT:

1.  The plaintiff's Objections to the Report and Recommendation (D.I. 49), is OVERRULED;

2.  The Report and Recommendation, dated October 31, 2011 (D.I. 48), is ADOPTED;

3.  The defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) (D.I. 43), is GRANTED;

4.  The plaintiff's Complaint (D.I. 1), is DISMISSED with prejudice; and

5.  The plaintiff's Motion to Amend Federal Tort Claim[7] (D.I. 28), is DISMISSED as moot.

CHIEF, UNITED STATES DISTRICT JUDGE

---

[7] The plaintiff's motion seeks to amend the amount of damages in his Federal tort claim.